IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| VERONICA VALENTINE, | ) | 8:18CV69 |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| CHRIS BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her pro se Complaint on February 16, 2018 (Filing No. 1), and was granted leave to proceed in forma pauperis that same date (Filing No. 5). The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint references Case No. 8:16CV131, which she filed in this court on March 25, 2016, against the City of Omaha, "8 Unknown Jane-John Doe Omaha Police Officers," and Chris Brown, the defendant herein.[1] Brown is sued both individually and officially. Plaintiff alleges Brown falsely stated in an affidavit for a search warrant that Plaintiff sold drugs to a confidential informant.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must

---

[1] Brown was dismissed (without prejudice) as a defendant on initial review of the complaint in that case because Plaintiff merely alleged that a search warrant Brown had obtained was "bogus." See Memorandum and Order entered on May 25, 2016 (Filing No. 6 in Case No. 8:16CV131).

dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION OF CLAIM

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A warrant based upon an affidavit containing deliberate falsehood or reckless disregard for the truth violates the Fourth Amendment and subjects the officer who submitted the affidavit to § 1983 liability." *Schaffer v. Beringer*, 842 F.3d 585, 593 (8th Cir. 2016) (quoting *Block v. Dupic*, 758 F.3d 1062, 1063 (8th Cir. 2014)), *cert. denied*, 137 S. Ct. 2299 (2017).

Plaintiff's Complaint contains sufficient facts to state a claim for relief against Officer Brown in his individual capacity, as it is alleged that Brown "lied to the county judge to get search warrant to break into our house ... based off a phony make

believe 'CI'" (Filing No. 1 at CM/ECF p. 1-2). More specifically, Plaintiff alleges "Officer Brown lied to the judge [by] stating that Brown got 'CI' to do two controlled buys on the 14th & 16th day of July 2015" (Filing No. 1 at CM/ECF p. 2). Plaintiff alleges the search warrant was executed on July 17, 2015, but no drugs were found.

Plaintiff further alleges that "7 months later police came back to our house with a warrant for our arrest claiming that we sold drugs ... [and] we was assaulted and tased by John Doe police" (Filing No. 1 at CM/ECF p. 1). There is no allegation that Brown participated in this alleged false arrest and excessive use of force. Plaintiff also claims she was strip searched at some point (Filing No. 1 at CM/ECF p. 2), but again there is no allegation that Brown was a participant.

Plaintiff's action is therefore limited to a Fourth Amendment claim against Brown for allegedly submitting a false affidavit to obtain the search warrant. Such claim, however, can only be brought against Brown in his individual capacity because Plaintiff has not alleged any facts to show that a municipal policy or custom played a part in the alleged constitutional violation.

"A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Schaffer*, 842 F.3d at 596 (quoting *Elder-Keep v. Aksamit,* 460 F.3d 979, 986 (8th Cir. 2006)). "The plaintiff must prove that the municipality itself caused the constitutional violation at issue." *Id.* "Thus, [the] first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). To prove the existence of a policy, a plaintiff must point to "an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Id.* (quoting *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999)). Further, the plaintiff must prove that the policy was the "moving force" behind a constitutional violation. *Id.* (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

3

## IV. CONCLUSION

Plaintiff's Complaint states a plausible Fourth Amendment claim against Defendant Chris Brown, in his individual capacity only, for allegedly submitting a false affidavit to obtain a search warrant.

IT IS THEREFORE ORDERED:

1. The only claim alleged in Plaintiff's Complaint (Filing No. 1) that will be allowed to proceed is a Fourth Amendment claim against Defendant Chris Brown, in his individual capacity, for allegedly submitting a false affidavit to obtain a search warrant. Any and all other claims alleged in the Complaint are dismissed without prejudice.

2. For service of process on Defendant Chris Brown, in his individual capacity, the clerk of the court is directed to complete a summons form and a USM-285 form for said Defendant using the address "Omaha Police Department, 505 South 15th Street, Omaha, NE 68102," and forward them together with a copy of the Complaint (Filing No. 1) and a copy of this Memorandum and Order to the Marshals Service. The Marshals Service shall serve Defendant personally at the Omaha Police Department.[2] Service may also be accomplished by using any of the

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." See *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need

following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).

3. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

5. The clerk of the court is directed to set the following pro se case management deadline: June 25, 2018—Check for completion of service of process.

DATED this 26th day of March, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).