# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VERONICA VALENTINE,<br><br>                Plaintiff,<br><br>vs.<br><br>CHRIS BROWN,<br><br>                Defendant. | 8:18CV69<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Court's own motion pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons stated below, this case will be dismissed with prejudice.

## BACKGROUND

The following facts are those alleged in the Complaint, ECF No. 1, and are assumed true.

On July 17, 2015, Defendant Chris Brown, a police officer with the Omaha Police Department, and several other officers executed a search of the residence at 1915 Emmet Street in Omaha, Nebraska, pursuant to a search warrant. The warrant permitted the officers to search the residence and Plaintiff Veronica Valentine's person for crack cocaine and any materials used to conduct illegal narcotics operations. In connection with the search, two female officers conducted a strip search, including a visual body cavity search, of Valentine. The officers found no drugs.

Based on these facts, Valentine initiated two separate lawsuits under 28 U.S.C. § 1983—Case Nos. 8:16cv131 and 8:16cv174—which were consolidated under Fed. R.

Civ. P. 42(a). With the assistance of court-appointed counsel,[1] Valentine filed her Second Amended Complaint, ECF No. 149 in Case No. 8:16cv131; ECF No. 148 in Case No. 8:16cv174,[2] which asserted one claim—that the visual body cavity search conducted by defendants Lisa Villwok and Jennifer Hansen violated her Fourth Amendment rights. Following a bench trial, the Court found in favor of the defendants, and against Valentine, because Valentine consented to the search. Findings of Fact and Conclusions of Law, ECF No. 219 in Case No. 8:16cv131. The U.S. Court of Appeals for the Eighth Circuit summarily affirmed this Court's judgment. ECF No. 244 in Case No. 8:16cv131.

Based on the same July 17, 2015, search at issue in Case Nos. 8:16cv131 and 8:16cv174, Valentine filed her Complaint in this case on February 16, 2018, claiming Brown submitted a false affidavit to obtain the search warrant. The Court[3] conducted an initial review under 28 U.S.C. § 1915(e)(2) and concluded that the Complaint stated "a plausible Fourth Amendment Claim against Defendant Chris Brown, in his individual capacity only, for allegedly submitting a false affidavit to obtain a search warrant." Mem. and Order, ECF No. 6, Page ID 16. Valentine's Second Amended Complaint in Case Nos. 8:16cv131 and 8:16cv174 did not assert this claim.

It does not appear that either party has conducted any discovery in this case, and the time to file dispositive motions has expired without either party filing a dispositive

---

[1] Despite making multiple requests for court-appointed counsel, Valentine demanded that counsel withdraw shortly before trial. She also voluntarily abandoned her case at trial by walking out of the courtroom during cross-examination of her testimony. ECF No. 219 n.1 in Case No. 16cv131.

[2] Further citations to the record in Case Nos. 16cv131 and 16cv174 will correspond to Case No. 16cv131, which was designated as the lead case.

[3] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

2

motion. ECF No. 17, Page ID 33 (stating all dispositive motions must be filed on or before October 11, 2018). Both parties also failed to appear at a scheduled status conference before the Magistrate Judge on September 18, 2018. ECF No. 20. Because the parties have not done anything to litigate this case,[4] and because Valentine's sole claim arises out of the same search that was at issue in her prior lawsuits, the Court will review her claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) to determine whether it is a claim upon which relief can be granted.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), "the court shall dismiss the case *at any time* if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." (emphasis added). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th

---

[4] The Court notes that such a lack of attention to a case by counsel is a disservice to the client and a burden upon the Court.

3

Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

At this stage, the Court must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alternation in original) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

Under the doctrine of claim preclusion, Valentine's Fourth Amendment claim against Brown for allegedly submitting an affidavit containing false information to obtain a search warrant is precluded by the judgment entered in Case Nos. 8:16cv131 and 8:16cv174. Valentine has, therefore, failed to state a claim upon which relief can be granted. *See C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012).

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). To determine the preclusive effect of a prior federal-court judgment, courts must look to federal common law. *Id.*

> Under federal common law, the doctrine of . . . claim preclusion[ ] applies when "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action."

*Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (quoting *Costner v. URS Consultants, Inc.,* 153 F.3d 667, 673 (8th Cir. 1998)). "Whether two claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate." *Elbert*, 903 F.3d at 782 (quoting *Murphy v. Jones*, 877 F.2d 682, 684-85 (8th Cir. 1989)). Thus, claims which a plaintiff did not assert, but could have asserted, in the first action may be barred by the doctrine of claim preclusion. *Elbert*, 903 F.3d at 782.

Case Nos. 8:16cv131 and 8:16cv174 were based upon proper jurisdiction and resulted in a final judgment on the merits that was summarily affirmed by the Court of Appeals. In its Findings of Fact and Conclusions of Law, the Court found that "[o]n July 17, 2015, Defendants [Lisa Villwok and Jennifer Hansen] and other officers of the Omaha Police Department executed a search of the residence at 1915 Emmet Street in Omaha, Nebraska, pursuant to a valid search warrant." ECF No. 219 in Case No. 8:16cv131, Page ID 884. Valentine now claims that Brown made deliberately false statements in the affidavit used to obtain that search warrant. Thus, Valentine's Fourth Amendment claim in this case and her Fourth Amendment claim in Case Nos. 8:16cv131 and 8:16cv174

arise out of the same nucleus of operative fact.  Accordingly, the first, second, and fourth elements of the doctrine of claim preclusion are satisfied.

The Court finds that the third element is also satisfied because Brown is in privity with the defendants in Case Nos. 8:16cv131 and 8:16cv174.  In *Elbert*, the Eighth Circuit characterized "privity" as "merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata."  903 F.3d at 782 (quoting *Bruszewski v. United States*, 181 F.2d 419, 423 (3d Cir. 1950) (Goodrich, J., concurring)).  This case arises out of the same search that was at issue in Case Nos. 8:16cv131 and 8:16cv174, and Brown and the defendants in those cases all participated in the execution of that search.  Therefore, the relationship between Brown and the defendants in Case Nos. 8:16cv131 and 8:16cv174 is sufficiently close to support a finding of privity for purposes of res judicata.  *See Elbert*, 903 F.3d at 783-84 (finding that certain defendants in the plaintiff's second action were in privity with the defendants in the plaintiff's first action where the claims in both cases "ar[o]se out of the same police raid").

Further, there is no good reason why Valentine should be permitted to pursue her Fourth Amendment claim against Brown in a second, subsequent action.  *See id.* at 784 ("There is no good reason why Elbert should have a second chance to add these claims and defendants.").  Valentine's initial complaint in Case No. 8:16cv131 named Brown as a defendant and stated the search warrant was "bogus[,]" but the Court found that such an allegation was "too vague and conclusory to state a claim for relief against Brown . . . ."  Mem. and Order, ECF No. 6 in Case No. 8:16cv131.  Valentine filed amended complaints in Case Nos. 8:16cv131 and 8:16cv174, but she did not name Brown as a

6

defendant or attempt to clarify or supplement her allegation that the search warrant was bogus. Then, with the assistance of court-appointed counsel, Valentine filed the Second Amended Complaint, ECF No. 149 in Case No. 8:16cv131, and again failed to assert any claims against Brown. Thus, Valentine was provided multiple opportunities and the assistance of counsel at government expense to assert a Fourth Amendment claim against Brown in Case Nos. 8:16cv131 and 8:16cv174, but she failed to do so. *See Elbert*, 903 F.3d at 784 (explaining that the plaintiff "had ample opportunity to litigate his claims . . . in his first action; he simply failed to do so").[5] Therefore, the doctrine of claim preclusion bars Valentine's Fourth Amendment claim against Brown, and the Court will dismiss this case under 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly,

IT IS ORDERED:

1. This action is dismissed, with prejudice; and
2. A separate judgment will be entered.

Dated this 25th day of October, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[5] In *Elbert*, Judge Kelley dissented, in part, because she found that the plaintiff "did not have ample opportunity to litigate his claims[ ]" where the plaintiff did not know the defendants' names and the district court denied him leave to amend. 903 F. 3d at 786 (Kelley, J., concurring in part and dissenting in part). In Valentine's first action, she was aware of Brown's name and she was granted leave to amend her complaint with the assistance of court-appointed counsel.
7